IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| SHREYAS SHIPPING, LTD., | * | |
| | * | |
| Plaintiff, | * | Civil Action No. AMD 01-308 |
| | * | |
| v. | * | |
| | * | |
| L.C. SHIPPING, | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * * * * | | |

## Introduction

Plaintiff Shreyas shipping's indemnification claim against Defendant L.C. Shipping is not yet ripe.

It has been administratively stayed for three years while litigation has been pending in India. Given the amount of time that has passed, coupled with the fact that L.C. Shipping must maintain this case on its books as an active claim, L.C. Shipping respectfully requests that this Court move this action from the inactive to the active docket, consider the instant motion, and dismiss Plaintiff's claims against L.C. Shipping on ripeness grounds.

## Factual Background

Plaintiff Shreyas Shipping ("Shreyas") is an Indian Corporation with offices in Mumbai, India. (Comp. ¶ 1). Shreyas owned the vessel M/V ORIENT COMMERCE. (Comp. ¶ 1).

Defendant L.C. Shipping is a non-vessel owning common carrier that arranges for the marine transportation of goods. (Comp. ¶ 3). L.C. Shipping issued the bill of lading for the cargo at issue in this case.

In 1999, an Indian pepper trader named Madhur Food Products, Ltd. filed suit in India against Shreyas, alleging that some pepper that was supposed to be shipped aboard the M/V ORIENT COMMERCE was improperly diverted at some point in the journey to another vessel called the M/V HUNDAI BARON and, then, to another vessel called the M/V HUNDAI ADMIRAL. (Comp. ¶s 9-10). As a result of this diversion, the cargo was allegedly released to a putative pepper pilferer who, presumably, pocketed the pepper proceeds. (See Comp. ¶s 8-10).

Since L.C. Shipping issued the bills of lading for the pepper, Shreyas seeks indemnification by L.C. Shipping "if judgment is entered against the ORIENT COMMERCE in the Indian suit for the said alleged improper release and/or discharge" of the pepper. (Comp. ¶ 12).

The complaint contains no averment that judgment has, in fact, been entered against Shreyas, and Shreyas has not heard a word for three years about the current action.

**ARGUMENT**

Plaintiff's claim against L.C. Shipping rests solely on indemnification grounds. It is black-letter law that a cause of action for indemnification does not accrue against an alleged joint tort-feasor for indemnification or contribution until payment is made to the injured third person. See Crouch on Insurance 2d § 75.32. Indeed, the statute of limitations does not begin to run until after payment is made to the injured third person. Id.

Following this general rule, the Fourth Circuit has made abundantly clear that an action for indemnity accrues at the time of payment of a judgment or settlement, not

before. Ludwig Mowinckles Rederi v. Tidewater Construction Corp. et al., 559 F.2d 928, 932 (4th Cir. 1977). There must be either "a determination of liability [or] a settlement" of the action pending against the party seeking indemnification. Id. Furthermore, simply because the plaintiff seeking indemnification may "have already incurred some expenses in indemnifying those actions does not make ripe their claims for indemnification against all potential liability and expenses." Id.

In the instant case, Plaintiff's claim does not allege that it has been found liable or that it has been forced to settle the underlying action against it. In fact, the complaint expressly states that nothing has happened. This action is nothing more than an attempt to receive indemnification "*if* judgment is entered against the ORIENT COMMERCE." (Comp. ¶ 12).

Since Judgment has not been entered, and since Defendant has not paid a settlement (at least according to the Complaint), a claim in indemnification is not proper at this point in time. As such, Defendant submits that Fourth Circuit case law requires that this case be dismissed on ripeness grounds.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court dismiss the instant action.

Respectfully submitted,

/s/_____
W. Charles Bailey, Jr. (#23580)
Simms Showers, LLP
20 South Charles Street
Suite 702
Baltimore, MD. 21201

Telephone:   (410) 783-5795
Facsimile:   (410)-783-1368
email:       wcbailey@simmsshowers.com

Counsel for Defendant L.C. Shipping

4